Chester H. RUBNER, Jr., Appellant,

v.

Derwood O. KENNEDY, Appellee.

No. 14592.

Court of Civil Appeals of Texas.

San Antonio.

July 3, 1967.

Rehearing Denied Sept. 6, 1967.

Hobart Huson, Jr., San Antonio, for appellant.

Maverick, Tynan & Gochman, San Antonio, Warren Burnett, Odessa, for appellee.

KLINGEMAN, Justice.

This is a suit for damages arising out of an automobile collision which occurred in the State of Louisiana between an automobile owned and operated by appellant, Chester H. Rubner, Jr., and one being driven by appellee, Derwood O. Kennedy. Trial was to a jury who found that appellant failed to keep such a lookout as an ordinarily prudent person would have kept under the same or similar circumstances; that such failure was a proximate cause of the collision, and that appellee was entitled to recover the sum of $45,000.00 as his damages.

Appellant complains of seven points of error, four of which pertain to the element of damages. His first two points of error are as follows:

### "FIRST POINT

(a) The Court erred in submitting to the jury for consideration as an element of damages 'loss of earnings' by Appellee in the past, as there was no evidence to warrant the submission of such element.

(b) The Court erred in failing to disregard the finding of the jury as to damages and grant Appellant a new trial, as any money allowed for 'loss of earnings' was against the overwhelming weight and preponderance of the evidence.

### SECOND POINT

(a) The Court erred in submitting to the jury for consideration as an element of damages 'diminished or lessened earning capacity' by Appellee in the future, as there was no evidence to warrant the submission of such element, and, in particular, no evidence as to Appellee's earnings prior to injury.

(b) The Court erred in failing to disregard the finding of the jury as to damages and grant Appellant a new trial, as any money allowed for 'diminished or lessened earning capacity' was against the overwhelming weight and preponderance of the evidence."

The damage issue submitted to the jury was as follows:

"What sum of money if paid in cash now, if any, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff for the injuries, if any, proximately caused by the collision in question?

Answer by stating the amount, if any, in dollars and cents.

We, the jury, answer: Forty Five Thousand Dollars No/Cents.

In arriving at the amount of money, if any, to the foregoing question, you may take into consideration the following and none other:

A. Physical pain and suffering and mental anguish, if any, which the plaintiff has suffered in the past from the time of the collision in question down to the time of this trial;

B. Physical pain and suffering and mental anguish, if any, which the plaintiff will in all reasonable probability suffer in the future as a direct and proximate result of the collision in question;

C. Loss of earnings and physical impairment, if any, which the plaintiff has suffered in the past from the time of the collision in question down to the time of this trial;

D. The diminished or lessened earning capacity, if any, and physical impairment, if any, which the plaintiff will suffer and sustain in all reasonable probability in the future as a direct and proximate result of the collision in question."

The testimony is undisputed that appellee suffered physical injury as a result of the collision and some degree of disability. It is undisputed that he was unable to work for a period of time, but there is a dispute as to his present ability to work. Appellee testified that he is not able to

work, and there is some medical testimony in support of his contention, but there is also medical testimony that there is no reason why he could not pursue the same profession and vocation that he had pursued prior to the trial, and do work such as a laboring man might do. Appellant's first and second points of error, however, are predicated upon his contention that irrespective of whether appellee was completely or only partially disabled, no evidence was adduced to show what his earnings were prior to the accident, and no testimony upon which a jury could determine any diminished or lessened earning capacity.

Appellee testified in some detail as to the various types of work he had done. He had worked as a welder, as an electrician's helper; had worked in shipyards, and as a carpenter. He had served in the Military Service, had been employed as a mechanic, and had been plant manager for a business. However, there is no testimony whatsoever in the record as to what appellee, or any other person similarly employed, had earned in any of these avocations. At the time of his injury, he was self-employed and was in the business of building houses for about one and one-half years. In such business he did some of the work himself on the houses he built. The only testimony as to his earnings in such house-construction business was by appellee, to the effect that he was able to earn a living at such business and was drawing $800.00 a month out of the business. This is all the testimony or evidence there is concerning the earnings of appellee prior to his injury. Appellee testified that he had made income tax returns, had kept books on his house-building operations, and had used a checkbook to run his business. However, none of these records, or any other business records, were introduced to show his earnings, appellee testifiyng that he had misplaced his records. Although the evidence is undisputed that appellee performed some personal services in his house-construction business, there was no evidence as to the value of those services, nor was it shown from what sources he drew the sum of $800.00 a month, whether from profits, operating capital, investments in the business, loans, or other sources.

Appellee testified that since said accident he had not been able to hold a job, that although he had tried to do various types of work, including salesman, janitor, file clerk and overseer, that he was unable to do the work required; that he was not able to carry on his house-building business, and had lost such business.

The Supreme Court in the case of Bonney v. San Antonio Transit Company, 160 Tex. 11, 325 S.W.2d 117 (1959), sets forth in clear language rules applicable to cases involving impairment of earning capacity, as follows:

"The point at issue here is the absence of any evidence which would indicate either the amount of Bonney's earnings or a monetary measure of his earning capacity prior to the injury. The rule in this jurisdiction is that where a plaintiff seeks damages for impairment of earning capacity, he must prove the amount of such damages with the degree of certainty to which it is susceptible. Dallas Consolidated Electric Street Railway Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918; McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710; Southwestern Freight Lines v. McConnell, Tex.Civ. App., 254 S.W.2d 422, wr. er. ref. This rule requires that a plaintiff introduce evidence from which a jury may reasonably measure in monetary terms his earning capacity prior to injury, unless some reason appears for his failure to do so. The reason for this rule is that although the amount of damages resulting from impairment of a plaintiff's earning capacity must be left largely to the sound judgment and discretion of the jury, nevertheless the jury should not be left to mere conjecture where facts appear to be available upon which the jury could base an intelligent answer. In this case, Bonney introduced no evidence of the

amount of his earnings prior to injury and no evidence that such prior earnings did not represent his full earning capacity. No reason appears for his failure to introduce such proof. Therefore, the trial court erred in instructing the jury that it might take into consideration any impairment to Bonney's earning capacity, and this cause must be remanded to the trial court for a new trial."

■ Where a plaintiff seeks special damages for loss of his earning capacity in a particular business or profession, the amount of his earnings or the value of his services in that business must be shown with reasonable certainty. Red Arrow Freight Lines v. Gravis, Tex.Civ.App., 84 S.W.2d 540, no writ; Panhandle & S. F. Ry. Co. v. Reed, Tex.Civ.App., 273 S.W. 611, writ dism'd.

In Red Arrow Freight Lines v. Gravis, supra, plaintiff was in the trucking business and did some of the actual work himself in addition to supervising the business. Plaintiff testified that his gross returns from his business averaged at least $300.00 a month, that he had a fairly complete set of books, but did not produce them, or show in any way what his net earnings were. Judgment was entered for plaintiff for damages based on a jury verdict. On appeal appellant contended that the trial court erred in allowing the jury to consider as an element of damages the reasonable value of the loss of time of plaintiff from the date of the accident to the date of trial, and in authorizing the jury to consider plaintiff's diminished ability to earn in the future, asserting there was no evidence showing the value of his loss of time, and no evidence to show the value of his diminished earning ability in the future. This Court, in reversing the judgment of the trial court, pointed out that appellee did not offer any evidence as to the value of his service to the trucking business and did not show what the net earnings of his business were prior to his injury, and held that under the evidence a finding of the jury as to the value of

his loss of time would be left entirely to conjecture and would be nothing more than a guess or surmise, and that appellee did not furnish to the jury such facts as would enable them to intelligently determine the money value of his diminished earning capacity.

Miller v. Hooper, Tex.Civ.App., 94 S.W. 2d 230, no writ, was another case involving the element of diminished earning capacity. Plaintiff there testified that he was familiar with the amount of his earnings prior to the accident, and that his earning power had been diminished by the injury. He was engaged both in the automobile business and in farming. He testified that he kept books on his automobile business, which he did not produce, but that he did not know how much he made from such business prior to his injury. He testified that in his farming business he drew out of the business what was needed, which averaged about $150.00 a month. The Court held that the testimony failed to furnish any data that would enable a jury to make an intelligent decision as to the amount of plaintiff's damage because of his diminished earning capacity. See also International & G. N. R. Co. v. Simcock, 81 Tex. 503, 17 S.W. 47 (1891); Southwestern Freight Lines v. McConnell, Tex.Civ.App., 254 S.W.2d 422, writ ref'd; Merchants Bldg. Corp. v. Adler, Tex.Civ. App., 110 S.W.2d 978, writ dism'd; South Plains Coaches v. Behringer, Tex.Civ.App., 32 S.W.2d 959, writ dism'd.

In Texas & N. O. R. Co. v. Wood, Tex. Civ.App., 166 S.W.2d 141, no writ, Wood recovered judgment for $6,500.00 for injuries suffered while loading mules on defendant's railway cars. Under instructions of the court, the jury was authorized to consider physical and mental pain and suffering, doctor bills, the reasonable value of the earnings lost by Wood in the past and his reduced earning capacity in the future. Wood was self-employed and testified that he made $300.00 a week before the injury, that the injury made a great deal of difference in his earning capacity, and that his earning capacity had been diminish-

ed by at least $5,000.00; however, he was unable to testify as to how much he made at any particular time and offered no evidence supporting his testimony except that above set forth. This Court held that such evidence was insufficient to support the jury's findings of damages and reversed the case.

In our opinion, the case before us comes within the rules set forth in Houston & T. C. R. Co. v. Bird, Tex.Civ.App., 48 S.W. 756, no writ. The Court stated: "But the objection urged to the submission of lessened earning capacity is, in our opinion, well made. There was, it is true, evidence tending to show that there may have been a diminution of such capacity, but no proof of the facts essential to enable the jury to reach an intelligent conclusion as to the amount of the loss resulting, or to base their verdict on this point upon anything but a mere guess."

■■ It is the opinion of this Court that appellant's first and second points of error are meritorious and must be sustained. Since various items of recovery for damages were submitted to the jury in one issue, and the jury returned a verdict in the single sum of $45,000.00, this case must be reversed because this Court cannot tell from the verdict how much the jury assessed for the item or items which have no support in the evidence. International & G. N. R. Co. v. Simcock, supra; Jackson-Strickland Transp. Co. v. Seyler, Tex.Civ.App., 123 S.W.2d 928, writ dism'd by agr. Where a jury was erroneously instructed that it could consider items of lost earnings in arriving at an estimate of damages, when evidence did not support a recovery for lost earnings, the reviewing court cannot apportion amounts of judgment to various elements that the jury was instructed to consider in the inquiry as to the amount of damages, but is required to reverse the judgment. Texas & N. O. R. Co. v. Wood, supra.

Since this case must be reversed and remanded for a new trial, we will not pass on appellant's other points of error which seek a remand of the case.

The judgment of the trial court is reversed and the case remanded for a new trial.