J. WEINGARTEN, INC., et al., Petitioners,

v.

Herma Lee MOORE, Respondent.

No. B–1628.

Supreme Court of Texas.

Jan. 14, 1970.

Vinson, Elkins, Searls & Connally, B. Jeff Crane, Jr., and Raybourne Thompson, Jr., Houston, for petitioners.

Helm, Jones & Pletcher, George E. Pletcher, Houston, for respondent.

REAVLEY, Justice.

Herma Lee Moore has recovered judgment in this suit for damages against J. Weingarten, Inc. and Paul W. Jones. She sustained a serious injury to her back while employed by Weingarten as a grocery checker. Weingarten was not a subscriber under the Workmen's Compensation law of this state. The judgment was predicated upon jury findings that the job requirements and the design of the check-out counter, in addition to a failure to give proper instructions, constituted negligence on the part of Weingarten. The court of civil appeals has affirmed the trial court judgment. 441 S.W.2d 223. We affirm as to Weingarten but reverse as to Jones.

Weingarten advances several points contending that there is no evidence to support the jury's findings and the court's judgment. However, as the court of civil appeals has held, these points were not preserved in the trial court and cannot now be considered.

Weingarten's motion for new trial complains of a number of rulings of the trial court. The first paragraph in this motion for new trial asserts that the trial court erred "in overruling and failing to sustain this Defendant's Motion for an Instructed Verdict * * *" Weingarten's motion for instructed verdict set forth two grounds, one of which was that the suit was instituted more than two years after the cause of action accrued and the other was that "there is no evidence that this defendant, its agents or employees were guilty of any negligence proximately causing such injury * * *."

Under Rule 374, Tex. Rules of Civil Procedure, and the holdings of this court, objection to an error of the trial court is not preserved by mere reference in the motion for new trial to a prior motion, even though the prior motion did make a particular objection clear and certain. The motion for new trial must itself specify each ground of error to be preserved. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965); Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960).

Defendant Jones sought a new trial in the trial court in a separate motion on the ground that no finding of the jury supported a judgment against him. This contention has been continued through the steps of the appeal and is entitled to consideration.

Jones was a Weingarten employee who headed a company section called the Customer Employee Insurance Service. He figured prominently in the case on the limitation issue, which was resolved by findings that Moore was misled into thinking that she was receiving her full Workmen's Compensation insurance payment. The only contended basis for personal recovery from Jones is the finding of the jury in Special Issue No. 7 to the effect that Weingarten "and its agents failed to give Herma Lee Moore proper instructions as to the manner of lifting required of her. * * *" There is neither finding nor evidence that this particular agent, Paul W. Jones, assumed the responsibility of instructing the plaintiff as to the manner of lifting required of her. There is neither finding nor evidence that Weingarten authorized Jones to give these instructions and relied upon him to do so. The jury determined that Weingarten was negligent in not instructing plaintiff; it did not determine that Jones failed to perform a personal duty which he owed to plaintiff. There was no support for the judgment against Jones. See S. H. Kress & Co. v. Selph, 250 S.W.2d 883 (Tex.Civ.App.1952, writ ref., n. r. e.); Restatement, Second, Agency § 354.

Judgment may not be rendered here in favor of Jones since he did not seek judgment in the trial court following the verdict. The cause must be remanded for a new trial as to him. However, there is no reason shown for requiring a retrial of the cause as to Weingarten, whose liability is not based solely upon conduct of its employee Jones. Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790 (1941).

The judgment below against J. Weingarten, Inc. is affirmed. The cause is severed as to Paul W. Jones; the judgment as to him is reversed and the severed cause is remanded to the trial court for a new trial. Costs in this court are adjudged against J. Weingarten, Inc.