**J. M. DELLINGER, INC., Appellant,**

v.

**Agnes M. McMILLON, a widow, and Liberty Mutual Insurance Co., Appellees.**

No. 528.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 19, 1970.

Rehearing Denied Dec. 30, 1970.

Branscomb, Gary, Thomasson & Hall, Richard A. Hall, Corpus Christi, for appellant.

Morgan & Dudensing, John O. Roark, Lawrence D. Thompson, Houston, for appellees.

## OPINION

NYE, Justice.

This is a personal injury suit arising out of a one vehicle accident. The suit was instituted by Claude W. McMillon against J. M. Dellinger, Inc., a road building contractor. Liberty Mutual Insurance Company intervened to recover workmen's compensation benefits which it had paid to McMillon. After the suit had been filed, McMillon died from a heart condition and his wife, Agnes M. McMillon continued the suit under the Texas Survival Act. (Art. 5525, Vernon's Ann. Civ.St.).

The case was tried to a jury which answered various special issues convicting the defendant of negligence in several particulars and exonerating McMillon of contributory negligence. The jury found damages in favor of the plaintiff in the amount of $81,000.00 which was reduced to the sum of $75,000.00 in the judgment as being the amount sought by the plaintiff in his petition. The defendant has perfected its appeal to this Court. We affirm.

Appellant's points one and two complain that there was no evidence and/or insufficient evidence to support the jury's answer to special issue No. 5. Issue No. 5 inquired of the jury: "Do you find from a preponderance of the evidence that on the occasion in question the Defendant, J. M. Dellinger, Inc., through its agents or employees, wet down the highway at the place of the accident at the time when a person of ordinary prudence in the exercise of ordinary care would not have done so?" The jury answered: "It did."

The Statement of Facts reflects that the accident occurred at about 10:30 p. m. on June 21, 1960. McMillon had left McAllen, Texas and had travelled 165 miles to the point where the accident took place

between Beeville and Berclair. The road from Beeville to a bridge 3½ miles out of Beeville was a black top type road. McMillon testified (by deposition) that there were no visible signs of construction work at all, from the time he left Beeville until he got to the bridge. He admitted there was a sign just outside of Beeville which said "Road under Construction." McMillon testified that as he approached the bridge, the lane to the left was eight inches higher than the black top on which he was travelling. This elevation commenced about 150 feet before he reached the bridge. He testified that he was travelling about 38 to 40 miles per hour as he approached the bridge; that at about 75 to 100 feet from the bridge, there was mud on the pavement; and that at about 35 to 40 feet from the bridge, his truck began to slide. This caused the truck to jackknife, and then strike the corner of the bridge.

The testimony shows that John A. Sikes, an employee of the defendant, testified that he was working for the defendant on the highway construction job where the accident occurred. The construction job covered about 12 miles including the area where the bridge was located. He stated that his job was to cut down the old road bed, spread the existing pavement and put a new base of caliche on top of that. He testified that after this operation each day, it was his responsibility to get the highway ready to put traffic over it. In this connection he would stay and drive the maintainer. The caliche would then be watered down, and then the roller would come along and compact the caliche. The water that was used for wetting down the caliche was hauled by trucks owned by the defendant, with truck drivers who were employed by the defendant. Sikes testified that Mr. Gamble, the foreman, was responsible for putting out barricades and flares along the highway. With the exception of barricades at each end of the construction job, he did not remember any flares or barricades near the bridge on the night of the accident. Other witnesses testified that there were no warning signs, flares or barricades where the accident occurred. On the evening in question, it was nearly dark when Sikes wet down the caliche on the highway for the purpose of rolling it. As best he could recall, he was working on the Beeville side of the bridge where the accident occurred that day. He testified he did not recall exactly how close the construction was to the bridge at that time.

G. T. Hicks testified that when he arrived at the scene of the accident on the night of the occasion, the road was freshly graded. He noticed mud on his shoes as soon as he got out of his car. It was not raining and he could see down the embankment where the truck was. It was dry down there. Still another witness testified that he was standing in front of a cafe across the highway where the accident occurred and was talking to the man that owned the cafe. He observed that the road was wet and slick even though the weather was fair and nice. He testified that the particular condition of the road, i. e., (being wet and slick) was for a distance of about 150 feet before you got to the bridge. The road was wet only in that particular area. He further testified that this area had been graded out, watered and it was wet all the way through where they had watered it.

Finally, McMillon also testified that the weather was good and fair and it had not rained that day. He stated that the road was muddy in his lane of traffic as he approached the bridge, but he did not see the mud until he was in it. This was the only muddy area that he had travelled through.

■ When a no evidence point is raised by a point of error, the appellate courts consider only that evidence which, when viewed in its most favorable light, tends to support the jury's finding. The court must disregard all evidence that would lead to a contrary conclusion. Thoreson v. Thompson, 431 S.W.2d 341 (Tex.Sup.1968). Reasonable inferences and legitimate conclusions are considered from the evidence re-

ceived, if they tend to support the jury's answer. It is clear that Sikes' crew wet down the roadway just before dark on the night of the accident. The crew had knowledge of its slippery and muddy condition. There were no flares or warning signs to point out the change of the road conditions. The wet caliche looked just the same as the dry caliche. We believe the jury's answer is supported by the evidence. Appellant's points one and two are overruled. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

Special Issue No. 1 inquired of the jury as to whether from a preponderance of the evidence that on the occasion in question the defendant, J. M. Dellinger, Inc., through its agents or employees, failed to give such warning about the condition of the road surface of the highway at the place of the accident as would have been given by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances. The jury answered "It did fail."

■ Appellant, by points four, five and six complains that there was no evidence that the defendant had a duty to warn, no evidence as to how the surface became slippery, and/or if it was slippery, there was no evidence as to when and how the defendant became aware of the slippery condition. The facts as we have outlined them hereinabove support the jury's answer to the special issue. These points of error are overruled.

Appellant's third point of error is that Special Issue No. 3 was a global issue and amounted to a general charge. Special Issue No. 3 asked the jury to find from a preponderance of the evidence that on the occasion in question the defendant, J. M. Dellinger, Inc., through its agents or employees, failed to maintain the highway at the place of the accident in the manner that a person of ordinary prudence in the exercise of ordinary care would have maintained said highway under the same or similar circumstances.

ANSWER: "It did fail."

■ Appellant argues that this issue cannot support the judgment entered in favor of the plaintiff. The jury answered special issues No. 1 and No. 5 against the appellant and found that these negligent acts and omissions were each a proximate cause of the accident in question (Special Issues 2 and 6). These issues (1 and 2; 5 and 6) settled the liability aspect of the accident on the defendant. Appellees contend that even if we should consider that Special Issue No. 3 was too broad, appellant has failed to demonstrate that such alleged error caused or probably caused the rendition of an improper verdict. We agree. The affirmative answers to Special Issue Nos. 1, 2, 5, and 6 were sufficient to uphold the judgment of the trial court. Any error of the court in submitting issue No. 3 is harmless. Rule 434, Texas Rules of Civil Procedure; Cloud v. Zellers, 158 Tex. 253, 309 S.W.2d 806 (1958); Prasek v. Dudley 395 S.W.2d 876 (Tex.Civ.App. —Corpus Christi, 1965, n.r.e.).

Appellant's point seven complains of the trial court's failure to instruct the jury affirmatively, that it should not take certain allowances, conditions or diseases in consideration in assessing damages, in view of the fact that McMillon had suffered from ailments, conditions or diseases both before and after the accident, which were not aggravated by the accident, but which nevertheless were calculated to confuse the jury. Appellees take exception to appellant's contention that McMillon suffered from a number of conditions or diseases before and after the accident, which were not aggravated by the accident.

About six years prior to the accident, McMillon had had a heart attack, but he had not suffered from this condition and it had not disabled him to any extent. The evidence was that he had worked regularly and steadily up to the time of the accident. There was no evidence that he had any physical pain, mental anguish, loss of earnings or earning capacity prior to the acci-

dent. There was no evidence that this heart condition was worse after the accident than it was before. Although McMillon was off from work, for a short period of time with fractured ribs, he returned to his job. There was no evidence that he had any recurrences from this injury or after effects. Appellant's requested instruction to the jury was as follows:

"You are instructed that you may not take into consideration in your answer to the foregoing issue any condition, disease or disability, if any, or any physical pain, mental anguish or loss of earnings resulting therefrom, if any, of C. W. McMillon which you believe from the preponderance of the evidence existed before June 21, 1960 or which arose after June 21, 1960 and which was not proximately caused by the accident in question."

The court's instruction inquired of the jury:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff, Agnes M. McMillon, for such injuries and damages, if any, as you find from a preponderance of the evidence were directly and proximately caused to C. W. McMillon, Deceased, by the collision made the basis of this suit, taking into account the following elements of damage and none other:

(a) Such physical pain and mental anguish, if any, as you find from a preponderance of the evidence C. W. McMillon sustained from June 21, 1960, until the date of his death.

(b) Such loss of earnings, if any, as you find from a preponderance of the evidence C. W. McMillon sustained from June 21, 1960, until the date of his death.

Answer by stating the amount, if any, in dollars and cents.

ANSWER: $75,000.00"

It is the settled rule of law in this State that where the injured party in a personal injury suit is suffering from an infirmity not caused by the accident and where injuries flowing from the prior existing infirmity and those flowing from the negligence of the defendant are closely connected and intermingled to the extent that the jury might become confused and allow for improper elements of damages, the trial court should affirmatively charge the jury that the plaintiff is entitled to recover only to the extent that his injuries *were aggravated* by the defendant's negligence. (Emphasis supplied.) Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 116 S.W.2d 683 (1938); Teague v. Washburn, 368 S.W.2d 229 (Tex.Civ.App.—Eastland 1963). The instruction actually given by the trial court did charge the jury that the plaintiff was entitled to recover only for such injuries which were directly and proximately caused by the collision. Appellant contended that McMillon had pre-existing injuries and diseases. Although appellant objected to the court's charge because of these pre-existing injuries and diseases, his own instruction did not contain the necessary proviso that the plaintiff was entitled to recover only to the extent that his injuries were aggravated by the defendant's negligence. The suggested instruction by appellant was not a correct one. Since such suggested instruction was not in substantially correct form, it does not present reversible error. Rule 279, T.R.C. P. Appellant's points are overruled.

Appellant's points eight and nine complain of the submission of the damage issues by the court. The appellant made no objection to this portion of the court's charge. Rule 272, T.R.C.P., provides that any objection to the court's written charge *shall* be presented to the court in writing before the charge is read to the jury and that all objections not so made and presented, shall be waived. Rule 274, T. R.C.P. provides that a party who objects to a charge must point out distinctly the mat-

ter to which he objects and the grounds of his objection. Any complaint on appeal as to an issue on account of defects, omissions or fault in pleadings shall be deemed waived unless it is specifically included in the objections.

Appellant's points ten and eleven complain of the excessiveness of the damages. The jury found that $75,000.00 would fairly and reasonably compensate the plaintiff for pain and mental anguish and loss of earnings. In special issue No. 22, the jury further found that the reasonable value of the medical expenses incurred by the plaintiff from the date of the accident to the date of his death, resulting from such injuries, was $6,000.00. Plaintiff only sought $75,000.00 in his suit. Following the jury verdict, he filed a Suggestion of Remittitur of the excess over $75,000.00. The court granted his motion.

The evidence showed that McMillon earned between $8,000.00 and $9,000.00 a year prior to the accident. Following the accident he was unable to work for about a year. When he was able to work thereafter, he worked as a night watchman, earning about $60.00 per week. He continued this type of work until his death in August 1967, which was seven years and two months after the accident. The evidence showed that his loss of earnings was somewhere in the neighborhood of $40,000.00 to $45,000.00. His medical expenses and special damages were $6,000.00. In addition to these damages, the evidence was replete with testimony of the pain and suffering that partially disabled McMillon from the day of the accident, until the time of his death.

Our Supreme Court has said that the amount of damages to be awarded to the injured person, must be left to the sound judgment and discretion of the jury; provided, however, that the award be based on evidence and not mere conjecture. *McIver v. Gloria*, 140 Tex. 566, 169 S.W. 2d 710 (1943). In considering this point, we are required to view the evidence most favorable to the award. We should not substitute our judgment for that of the jurors in the absence of clear indication of passion, bias or prejudice. Since the amount of the award is supported by the evidence and does not offend the conscience of this Court, it must stand. Bluebonnet Express, Inc. v. Foreman, 431 S. W.2d 45 (Tex.Civ.App.—Houston, 14th, 1968, no writ); Sunset Brick & Tile, Inc. v. Miles, 430 S.W.2d 388 (Tex.Civ.App.— Corpus Christi, 1968, n.r.e.); Sumners Road Boring, Inc. v. Thompson, 393 S.W. 2d 690 (Tex.Civ.App.—Corpus Christi 1965, n.r.e.). Appellant's points are overruled.

Judgment of the trial court is affirmed.