BROWN, Justice.
This is a personal injury case. Jerry W. Kraatz sued N. L. Faubion seeking to recover for personal injuries sustained in a pickup truck-tractor collision. Based on the jury’s verdict, judgment was entered awarding Kraatz recovery for his medical bills and loss of earnings in the past but denying him recovery for physical pain and mental anguish in the past and future. Kraatz appeals. We reform and affirm.
Kraatz urges only one point of error, that being that the jury’s answers of “none” to the inquiries of physical pain and mental anguish in the past and future were against the great weight and preponderance of the evidence. In passing on this factually insufficient evidence point, we must examine the entire record. In re King’s Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).
Kraatz was a 35 year old farmer when he was involved in a collision with a tractor on April 11,1977. He had had a previous back fusion as the result of his involvement in an accident in 1970. The back fusion was aggravated by an automobile accident in 1975. He was still receiving treatment for the 1975 injury at the time of the accident made the basis of the instant case. Kraatz testified as to the event of the accident, his resulting injuries and his subsequent pain and suffering.
At the trial, Doctors F. Carlton Hodges and Gerald Caldwell, both orthopedic surgeons, and Bernard H. Landgrebe, a neurologist, testified by deposition. Dr. Bill Tatum, a chiropractor, testified in person. All such witnesses were called by Kraatz.
Dr. Hodges testified that he saw Kraatz approximately eleven days after the 1977 accident. Kraatz complained of shoulder and neck pain, but Dr. Hodges found no objective evidence of injury. The doctor found no evidence of bruises, abrasions, or a dislocated shoulder. Following the 1975 accident, Dr. Hodges had diagnosed a nonunion, and was of the opinion Kraatz was disabled from his occupation as a farmer.
Dr. Caldwell testified that all his findings were just as probably caused by preexisting conditions as they were by the 1977 accident. The only abnormality he found in the neck was osteoarthritis which is a degenerative arthritic condition and can be aggravated by injury. He found nothing which would cause pain in the shoulder. Dr. Caldwell prescribed conservative treatment and therapy, and eventually performed a back fusion on Kraatz. The doctor testified that he could not say with reasonable medical probability that the cause of his treatment and the surgery was the 1977 accident.
Dr. Tatum testified that he had been treating Kraatz since 1974. He had never treated his low back. The doctor treated Kraatz the date of the accident made the basis of this suit and related that Kraatz had a whiplash-type injury of the cervical spine. Also he had a partially dislocated right shoulder.
Dr. Landgrebe testified that he found no objective evidence of injury to the neck or shoulder. He could not tell within terms of reasonable medical probability which of Kraatz’ accidents were related to the subjective complaints of Kraatz.
The court in Rosenblum v. Bloom, 492 S.W.2d 321 (Tex.Civ.App.-Waco 1973, writ ref’d n.r.e.) discussing the matter of damages awards said:
*279 The credibility of witnesses, and the weight to be given their testimony are questions for the jury. This is especially true with respect to testimony of parties or other persons interested in the litigation. Matters of pain and suffering, future pain and suffering, future disfigurement and future physical impairment are necessarily speculative, and it was peculiarly within the province of the jury to resolve these matters, and set the amount of such damages.
In rationalizing those cases which have considered factually insufficient evidence points when a jury has answered “none” to special issues concerning damages in personal injury cases, Justice Keith formulated the following rule in a concurring opinion in Dupree v. Blackmon, 481 S.W.2d 216 (Tex.Civ.App.-Beaumont 1972, writ ref’d n.r.e.):
If the plaintiff has objective symptoms of injury, i. e., a cut or laceration of his body as in this instance, and there is readily available testimony which the defendant eould offer to refute such fact, plaintiff's evidence cannot be disregarded by the jury when the defendant fails to refute it.
On the other hand, if plaintiff’s complaints are subjective in nature, i. e., headaches, which the defendant may not readily dispute, then the negative answer of the jury to the damage issue will not be disturbed when it rests upon the testimony of plaintiff alone.
In the instant case the only complaints of Kraatz are subjective in nature. The jury verdict will, therefore, be upheld unless its additional finding that Kraatz was injured as a result of the occurrence in question requires a different result. Kraatz argues that the “none” finding as to his damages for past and future physical pain and mental anguish is against the great weight of the evidence because the jury also answered that he did sustain an injury.
The point of error before this court is a “great weight” point as to the jury’s answer regarding a denial of recovery for physical pain and mental anguish. There is no point of error urging that the jury’s finding as to such issue was in conflict with the finding that Kraatz did sustain an injury-
The court in Sands Motel v. Hargrave, 358 S.W.2d 670 (Tex.Civ.App.-Texarkana 1962, writ ref’d n.r.e.), considering the matter of preserving error as to alleged conflicts in the jury’s verdict on two issues said:
The appellant did not assign error in this respect in his motion for new trial, nor has it been briefed. Regardless of doubt which may have heretofore existed regarding conflicts in the jury’s verdict on special issues as constituting fundamental error of which this court must take notice, the question is now settled. ******
In the recent case of St. Paul Fire & Marine Insurance Company v. J. T. Murphree, Tex., [163 Tex. 534] 357 S.W.2d 744, 5 Tex.Sup.Ct.Journal 376, the Supreme Court refused to treat a conflict in the jury’s verdict on special issues as fundamental error....
See also Bender v. Southern Pacific Transportation Company, 600 S.W.2d 257 (Tex.1980); St. Louis Southwestern Railway Company v. Duke, 424 S.W.2d 896 (Tex.1967).
There being no fundamental error, the question of conflict has been waived in the instant case. We overrule Kraatz’ only point of error.
Faubion, by cross-point, contends that there is no evidence to support the jury’s finding that Kraatz sustained $700 as lost earnings in the past. In reviewing this point we consider only the evidence which supports the finding. Martinez v. Delta Brands, 515 S.W.2d 263 (Tex.1974).
There is no proof as to what Kraatz’ earnings were either before or after the accident. Kraatz testified concerning his income for the year 1974. At that time, however, he was in the plumbing contracting business in Dallas and made over $70,-000. He had left that business and was in *280 the business of farming at the time of the April 1977 accident. We find no testimony as to any change in his earnings as a result of the accident nor as to his earnings as a farmer before the accident.
The court in Bailey v. Merrill, 582 S.W.2d 489 (Tex.Civ.App.-Beaumont 1979, writ ref’d n.r.e.) said:
Plaintiff’s burden in proving loss of earnings is greater than proving diminished earning capacity as indicated in Ryan v. Hardin, supra.
* * * * * *
Where a plaintiff seeks special damages for loss of earning capacity in a particular business or profession, the amount of his earnings or the value of his services must be shown with reasonable certainty. Rubner v. Kennedy, 417 S.W.2d 860 (Tex.Civ.App.-San Antonio 1967, writ ref’d n.r.e.).
See also Ryan v. Hardin, 495 S.W.2d 345 (Tex.Civ.App.-Austin 1973, no writ); Rubner v. Kennedy, 417 S.W.2d 860 (Tex.Civ.App.-San Antonio 1967, writ ref’d n.r.e.); Panhandle & S. F. Ry. Co. v. Reed, 273 S.W. 611 (Tex.Civ.App.-Waco 1925, writ dism’d).
We sustain the cross-point of Faubion and reform the judgment to eliminate the award of $700 to Kraatz for lost earnings in the past.
The judgment as reformed is affirmed.