Betty E. WHEELER, Appellant,

v.

Clarence Gene WHEELER, Appellee.

No. 9374.

Court of Appeals of Texas, Texarkana.

June 3, 1986.

Rehearing Denied July 8, 1986.

Jay S. Fichtner, Berman, Fichtner & Mitchell, Dallas, for appellant.

Edward V. Smith, III, Taylor & Mizell, Dallas, for appellee.

GRANT, Justice.

Betty E. Wheeler appeals the denial of her motion for new trial in this divorce case.

Dr. Gene Wheeler, a Dallas physician, and his wife, Betty, divorced after thirty-three years of marriage. In dividing several million dollars worth of community property, the Wheelers signed an agreement incident to divorce pursuant to Tex.Fam. Code Ann. § 3.631 (Vernon Supp.1986).[1] At the hearing proving up the consented decree of divorce, Mrs. Wheeler testified that she understood the property settlement, that she felt the division of property was just and right, and that she was asking the trial court to approve the agreement and grant the divorce. Subsequent to the divorce hearing, Mrs. Wheeler discharged her counsel and hired her present counsel. The "housekeeping details" of the divorce, including the signing of an escrow agree-

---

1. § 3.631. Agreement Incident to Divorce or Annulment

(a) To promote amicable settlement of disputes on the divorce or annulment of a marriage, the parties may enter into a written agreement concerning the division of all property and liabilities of the parties and maintenance of either of them. The agreement may be revised or repudiated prior to rendition of the divorce or annulment unless it is binding under some other rule of law.

(b) In a proceeding for divorce or annulment, the terms of the agreement are binding on the court unless it finds that the agreement is not just and right. If the court finds the agreement is not just and right, the court may request the parties to submit a revised agreement.

(c) If the court approves the agreement, the court may set forth the agreement in full or incorporate it by reference in the decree of divorce or annulment.

ment for Southwest Realty Company stock mentioned in the divorce documents, were not completed. Mrs. Wheeler filed a motion for new trial, based on, among other things, fraud by Dr. Wheeler in characterizing the nature of certain community assets. Mrs. Wheeler contends the trial court erred in denying her motion because the undivided property she discovered after the divorce decree is of such significance that the property division could not be "just and right" as prescribed by the Texas Family Code.

When the trial court finds that a property settlement agreement incident to divorce is fair, just and equitable and entered into without coercion or other undue influence, it should approve the agreement. *Morgan v. Morgan*, 622 S.W.2d 447 (Tex.App.—Beaumont 1981, no writ). In this instance, the Wheelers, assisted by their respective counsel, negotiated and approved the divorce decree and agreement incident to divorce as provided for in Section 3.631 of the Texas Family Code. This agreement included a detailed division of their property and post-divorce responsibilities. The agreement also included the following clause:

> 3.03. *Community Property Owned by Husband and Wife as Cotenants.* All community property not listed on any attached schedule shall be owned by Husband and Wife as cotenants, and each party hereby partitions, quitclaims and assigns to the other party an undivided one-half interest in any such unlisted community property owned in the name of the granting party.

Notwithstanding this agreement, Mrs. Wheeler contends that the undivided property or property left out of the divorce documents is of such significance as to require a new trial. We disagree.

■ It is incumbent upon a party who seeks a new trial on the ground of newly discovered evidence to first, satisfy the court that the evidence has come to his knowledge since the trial; second, that it was not owing to the want of due diligence that it did not come sooner; third, that it is

not cumulative; and fourth, that it is so material that it would probably produce a different result if a new trial were granted. *New Amsterdam Casualty Co. v. Jordan*, 359 S.W.2d 864 (Tex.1962). "The inquiry [is] not whether, upon the evidence in the record, it apparently might have been proper to grant the application in the particular case, but whether the refusal of it has involved the violation of a clear legal right or a manifest abuse of judicial discretion." *San Antonio Gas Co. v. Singleton*, 24 Tex.Civ.App. 341, 59 S.W. 920, 922 (1900, writ ref'd). Every reasonable presumption will be made on review in favor of orders of the trial court refusing new trials. *Jackson v. Van Winkle*, 660 S.W.2d 807 (Tex.1983).

■ The first area of dispute is a partnership interest in property known as the Worth-Hill Medical Building. Schedule II of the agreement incident to divorce lists the property awarded to Dr. Wheeler. Item 4 on that schedule makes the following award to Dr. Wheeler:

> Undivided one-half (½) interest in Worth-Hill Medical Building located at 4001 Worth Street, Dallas, Texas, being approximately four (4) tracts of land out of Dallas City Block D/790

Mrs. Wheeler argues that Dr. Wheeler failed to inform her or otherwise misrepresented to her that the ownership of the building was a real estate interest when it was in fact a partnership interest. We observe that Mrs. Wheeler was assisted by counsel prior to entering into the agreement incident to her divorce, that she had fully participated in the proceedings, and that she had ample opportunity in the lengthy negotiations to protect herself from any misrepresentation attempted by Dr. Wheeler. We see no reason why, in the exercise of due diligence, Mrs. Wheeler could not have discovered the alleged misrepresentation prior to trial. Moreover, we do not find that the trial court, in denying the motion for new trial, violated Mrs. Wheeler's rights or abused its discretion. *Jackson v. Van Winkle, supra.*

At the hearing on the motion for new trial, the trial court heard testimony regarding the alleged mischaracterization of this property. Mrs. Wheeler showed no significant difference in the value of the partnership interest and the value of the real estate itself.[2] We have examined those portions of the record which Mrs. Wheeler contends contain evidence of misrepresentation, and the record does not support those allegations.

▇ Mrs. Wheeler also complains of the failure of the divorce documents to divide a limited partnership interest known as Laroc T-3. In overruling Mrs. Wheeler's motion for new trial, the court expressly found "that the limited partnership interest known as Laroc T-3 is owned equally between the parties pursuant to Paragraph 3.03 of the Agreement Incident to Divorce." Mrs. Wheeler and her counsel were aware of Laroc T-3 when they negotiated the divorce settlement, when the divorce documents were signed, and when Mrs. Wheeler testified that she was satisfied with the property division. Having failed to present any valid grounds why this investment should not be covered by Paragraph 3.03 of the Agreement Incident to Divorce, Mrs. Wheeler presents no basis for disturbing the judgment of the trial court. *See Mushinski v. Mushinski*, 621 S.W.2d 669 (Tex.Civ.App.—Waco 1981, no writ). Even if Laroc T-3 was newly discovered evidence, it could have been timely discovered and produced during the divorce proceedings by the exercise of due care and diligence in searching for it. *Jackson v. Van Winkle, supra; Scheffer v. Chron*, 560 S.W.2d 419 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.); *Dorbandt v. Jones*, 492 S.W.2d 601 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.).

▇ Mrs. Wheeler contends that the divorce judgment should be set aside because of Dr. Wheeler's violation of the escrow agreement related to the Southwest Realty stock and his failure to tender cash due her under the agreement incident to divorce.

The agreement incident to divorce between the Wheelers is a contract from which contractual remedies arise upon breach and these remedies are available to either party. *Wilson v. Teacher Retirement System of Texas*, 617 S.W.2d 329 (Tex.Civ.App.—Amarillo 1981, no writ). Though Mrs. Wheeler's point is overruled, our affirmance of this case is without prejudice to the rights of Mrs. Wheeler to pursue any of the postjudgment remedies available to her under the command language in the decree.

▇ Dr. Wheeler has requested sanctions for the filing of a frivolous appeal under Tex.R.Civ.P. 435, 438. When this type of relief is requested, we inspect the entire record and assess damages only when we conclude the appeal was not taken in good faith, but for delay only. *Biard Oil Co. v. St. Louis Southwestern Railway Co.*, 522 S.W.2d 588 (Tex.Civ.App.—Tyler 1975, no writ); *Aetna Casualty & Surety Company v. Curlee*, 416 S.W.2d 890 (Tex.Civ.App.—Fort Worth 1967, no writ). Although Mrs. Wheeler's points are without merit, it cannot be said that the record reveals an intended delay or harassment. *Ives v. Webb*, 543 S.W.2d 907 (Tex. Civ.App.—Corpus Christi 1976, no writ). Dr. Wheeler's motion for sanctions is denied.

▇ Dr. Wheeler has also filed a motion to dismiss Mrs. Wheeler's appeal based on her exercise of dominion and control over the assets awarded to her and her acceptance of the benefits of the divorce judgment. Because Mrs. Wheeler alleges fraud and misrepresentation on the part of Dr. Wheeler, acceptance by her of the community property disposition pursuant to the agreement incident to divorce does not estop her from a review of that disposition. *McFarland v. Reynolds*, 513 S.W.2d 620 (Tex.Civ.App.—Corpus Christi 1974, no writ). The motion is overruled.

The judgment of the trial court is affirmed.

---

2. The trial court heard testimony that the partnership had a bank account containing "a negligible amount of cash" and Mrs. Wheeler presented no evidence to the contrary.