**BRANIFF, INC., Appellant,**

v.

**Gary Allen LENTZ, Appellee.**

**No. 2–87–089–CV.**

Court of Appeals of Texas, Fort Worth.

March 17, 1988.

Rehearing Denied April 21, 1988.

Second Rehearing Denied May 5, 1988.

Jackson, Walker, Winstead, Cantwell & Miller, and Jack Pew, Jr. and Robert Ruckman, Dallas, for appellant.

Brockermeyer & Associates, and Deborah L. Reddick and Kae L. Brockermeyer, Fort Worth, for appellee.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

This is an appeal from a judgment in favor of Gary Allen Lentz (Lentz) against the defendant, Braniff, Inc. (Braniff), resulting from a bench trial.

We reverse the judgment of the trial court and remand for a new trial.

Although Braniff appeals on nine points of error, we only discuss Braniff's second point. Braniff complains that the court allowed a fact witness to testify over its objections that Lentz had not disclosed the witness's address upon proper discovery request.

Lentz alleged that a de-icing truck (cherry-picker) leased to Braniff malfunctioned and caused his injury. At the time of the accident, Lentz was an employee of Staff Ground Services, which contracted with Braniff to service aircraft at the D/FW Airport. Braniff provided the equipment for the Staff Ground Services' employees to use in servicing Braniff's aircraft. The witness in controversy is Al Knoll, a supervisor with Staff Ground Services at the time of the accident.

Braniff served interrogatories on Lentz requesting, among other things, the identity and location by home and business address of persons with knowledge of relevant facts. *See* TEX.R.CIV.P. 166b(2)(d). The interrogatories were filed on February 18, 1987. Lentz filed his answers on March 13, 1987. In response, Lentz answered:

> Al Knol [sic], Supervisor/employee for Staff Ground Services—should be aware of facts surrounding inadequate repair to cherry picker by Braniff, Inc.

The day before filing the answers, Lentz set the case for trial on the non-jury docket for the week of March 30. The case went to trial on March 31.

Lentz called Knoll as his first witness. Braniff objected on the grounds that Lentz had not provided an address or any location of Knoll so he could be contacted prior to trial. The following is an abbreviation of the objection, response and ruling of the court:

MR. RUCKMAN [BRANIFF]: Your Honor, while we're waiting for him to come in, we would like to make an objection to the Plaintiff's calling Mr. Al Knoll. We were not provided with an address or telephone number in response to interrogatories as to where we could contact Mr. Knoll.

The interrogatory, Your Honor, was Number 12, which asks to identify by name, home address, employer, and business address each individual who witnessed the accident or has knowledge of facts relative to Plaintiff's claim herein. Given the nature of such knowledge, Mr. Al Knoll was identified as a supervisory staff employee for Staff Ground Services. There was no number or address for us to contact him.

MR. BROCKERMEYER [LENTZ]: Your Honor, we had to spend two days finding Mr. Knoll, and at the time of answering these interrogatories, we had no address for him. We've had to hire an investigator to go find him.

. . . .

THE COURT: 12, all right. Counsel for the Defendant, when you got the answer to these interrogatories saying that Al Knoll was a supervisory employee for Staff Ground Services, Inc., why couldn't you have gone to Plaintiff's attorney, since he didn't have the address, why couldn't you have gone to Staff Ground Services, Inc., who is one of your contractors there, and obtained the address that they had?

MR. RUCKMAN: We did, Your Honor. But, they have not been a contractor for us in some time. There is a new contractor. We don't presently have a relationship with them. We were advised that they did not have any information about Mr. Knoll.

THE COURT: Well, Plaintiff's attorney says that he didn't have any more information than that. Now, I notice he gave you the address of Jay Wallace, and he also gave you the address of Scott Perry, the other two persons who were listed and, of course, if he didn't have that information, there's no way he could give them to you. I'm going to overrule your objection.

■ Our supreme court has repeatedly held that if the identity and location of a person with knowledge is not disclosed, on proper request, the person may not testify at time of trial. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297 (Tex.1986); *Yeldell v.*

*Holiday Hills Retire. & Nursing Center,* 701 S.W.2d 243, 247 (Tex.1985). This sanction is automatic. *Morrow,* 714 S.W.2d at 297. The only exception to the automatic sanction is when good cause is shown of why the testimony should be admitted in spite of the rule requiring disclosure. *Id.* These rules apply when either the identity or location of the person with knowledge of relevant facts is not disclosed. *Id.* At the time of the trial, these common-law rules had been codified into TEX.R.CIV.P. 215(5) which stated:

> A party who fails to supplement seasonably his response to a request for discovery in accordance with paragraph 5 of Rule 166b shall not be entitled to present evidence which the party was under a duty to provide in a supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter when the information required by Rule 166b concerning the witness has not been disclosed, unless the trial court finds that good cause sufficient to require admission exists.

TEX.R.CIV.P. 215(5) (Vernon Supp.1987) (prior to 1988 amendments).[1]

The determination of good cause is a decision relegated to the discretion of the trial judge. *Morrow,* 714 S.W.2d at 298. However, Rule 215(5) requires that the trial court make an affirmative finding of good cause.[2] The burden to establish good cause is on the party seeking to introduce the evidence. *Id.*[3]

■ In this case, the trial judge did not make a finding of good cause, but merely overruled the objection. Lentz argues that the trial court impliedly found good cause after reviewing the arguments of counsel.

We do not reach Lentz's contention because the record does not establish good cause.

The sole showing of good cause was the response of Lentz's attorney to the objection.[4] The attorney merely stated that at the time of answering the interrogatories "we had no address for him." The attorney also informed the court that an investigator was hired and took two days to find Knoll. There is nothing in the record to indicate when Knoll's address was obtained and why Lentz failed to supplement his response to interrogatories with the information.[5]

In his brief, Lentz argues that Braniff could not have been surprised by Knoll's testimony because Knoll testified that he gave daily reports to Braniff during the four months he worked as a supervisor for Staff Ground Services. Additionally, Lentz argues that Knoll's name was disclosed in answers to interrogatories.

Our supreme court was confronted with a similar fact situation in *Morrow v. H.E.B.,* 714 S.W.2d at 297. There a witness, H.E.B.'s former store manager, was identified pursuant to the interrogatory submitted to H.E.B. However, his location was listed only as "Missouri." *H.E.B., Inc. v. Morrow,* 704 S.W.2d 93, 97–98 (Tex.App. —Corpus Christi 1985), *rev'd,* 714 S.W.2d 297 (Tex.1986). Nonetheless, several weeks before trial, H.E.B.'s counsel found the witness in San Antonio by telephone, but obtained no address. *Id.* at 99. H.E.B. argued that Morrow was not surprised by the witness's testimony. The San Antonio Court of Appeals agreed. The supreme court rejected this argument stating that lack of surprise does not constitute good

---

**1.** Rule 215(5) was amended effective January 1, 1988 to state that the burden to show good cause rests with the party seeking admission of the evidence of the undisclosed witness.

**2, 3.** Rule 215(5) was amended effective January 1, 1988 to state that the burden to show good cause rests with the party seeking admission of the evidence of the undisclosed witness.

**4.** At least one case has held that the party, not the attorney, testify to good cause for failure to answer or supplement interrogatories. *Walsh v. Mullane,* 725 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1986, no writ).

**5.** At one point in his brief, Lentz argues that Knoll's location was discovered immediately prior to trial. However, our review of the record does not support this contention. There is no indication in the record of when Knoll's location was discovered.

cause. The supreme court also found that H.E.B.'s explanation of the recent discovery of the witness's location did not constitute good cause. *Morrow,* 714 S.W. 2d at 298.

As a result, we hold good cause was not established to justify the admission of Knoll's testimony.

 Lentz argues that Braniff had an obligation to specifically object to Lentz's failure to supplement his answers, rather than relying on its objection that Knoll's location was not disclosed. We disagree. Braniff's objection was sufficiently specific. Braniff properly objected to Lentz's failure to disclose discoverable information. At that point it became Lentz's burden to prove good cause existed for the admission of testimony from a witness whose identity had not been properly disclosed. Lentz also argues that the trial court's error in allowing the testimony was harmless because Knoll's testimony was cumulative of other evidence. We must view this contention warily as one of the primary purposes of discovery is "to obtain the fullest knowledge of issues and facts prior to trial." *West v. Solito,* 563 S.W.2d 240, 243 (Tex. 1978). The supreme court recently reaffirmed that another purpose of discovery is to prevent trial by ambush. *Gutierrez v. Dallas Independent School Dist.,* 729 S.W. 2d 691, 693 (Tex.1987). Behind both of these purposes is the basic principle that both parties should have the equal opportunity to prepare their case for trial.

 If Braniff was denied this opportunity, the error was one that was "reasonably calculated to cause and probably did cause rendition of an improper judgment...." *See* TEX.R.APP.P. 81(b)(1).

Our review of the record demonstrates that Knoll was the first witness called by Lentz. Knoll testified that he was informed of the accident immediately after it occurred and that he took Lentz to the hospital. He returned and inspected the cherry-picker, finding a substantial amount of hydraulic fluid which had leaked from two lines. Additionally, Knoll stated that the fluid formed a puddle, approximately ten feet in diameter. Knoll then attempted to operate the equipment, but it would not function properly. He stated that prior to the accident, the cherry-picker had malfunctioned on several occasions. Knoll testified that he had reported Lentz's accident as well as the previous accidents to Braniff. Knoll further testified that he had taken the cherry-picker out of service after the prior incidents, but was told by Braniff that it had been fixed.

Braniff denied any trouble with the cherry-picker and denied that it had been repaired prior to the accident. Braniff personnel testified that the cherry-picker physically could not malfunction in the manner that Lentz and Knoll claimed. In short, Knoll was a key witness, whose testimony bolstered that of Lentz and contradicted that of Braniff. While Knoll was not the sole source of damaging testimony on the condition of the cherry-picker, his testimony was more detailed than the other witnesses and was crucial to Lentz's case. Knoll was the sole source of most of the testimony regarding Braniff's knowledge of the problems with the vehicle.

Most importantly, Knoll was the only plaintiff's witness who was not related to Lentz.[6]

As a result, we hold that the error in allowing Knoll to testify when his address had not been previously disclosed was error which was reasonably calculated to cause and probably did cause a rendition of an improper judgment.

 Lentz also argues that Braniff has waived any complaint on appeal because it did not seek findings of fact that the court relied on Knoll's testimony in reaching its verdict and on the existence of good cause to allow the testimony. We disagree.

 Litigants are entitled to findings of fact only on the merits of the case. The findings of fact in a non-jury trial are com-

**6.** Four witnesses testified for the plaintiff: Lentz; Lentz's wife; Wallace, Lentz's stepbroth-er; and Knoll.

parable to a jury's answers to special issues. A trial court is not required to make specific findings on every controverted issue, but only upon ultimate and controlling issues. *Yates Ford, Inc. v. Benavides*, 684 S.W.2d 736, 739 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Goren v. Goren*, 531 S.W.2d 897, 901 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd). Further, a court need not make findings of fact on mere evidentiary issues. *Lettieri v. Lettieri*, 654 S.W.2d 554, 556 (Tex.App.—Fort Worth 1983, writ dism'd); *Jackson v. Jackson*, 552 S.W.2d 630, 633 (Tex.Civ.App.—Austin 1977, no writ). As a result Braniff had no duty to request findings of fact from the trial court to establish whether the court relied on Lentz's testimony, or regarding the court's consideration of good cause to allow the testimony.

We have found that the trial court committed error in allowing Knoll to testify over Braniff's objection. This error was not harmless; point of error two is sustained. As a result, we reverse the judgment of the trial court and remand for a new trial.