**MACEDONIA BAPTIST CHURCH,**
**Appellant,**

**v.**

**Nora Nalda GIBSON, et vir, Appellees.**

**No. 6–91–104–CV.**

Court of Appeals of Texas,
Texarkana.

May 19, 1992.
Rehearing Denied June 23, 1992.

Gregory P. Grajczyk, David O. Nobles, Harbour, Kenley, Boyland, Smith, Harris, Longview, for appellant.

Robert Underwood, Carthage, C.L. Ray, Charles B. "Chuck" Lord, Law Offices of C.L. Ray, Austin, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Macedonia Baptist Church appeals the judgment entered against it granting recovery to Nora Gibson, who was injured by a side flash from lightning while leaving worship services, and her husband, Milton Gibson. We first determine whether the Gibsons have standing to sue Macedonia and, if so, whether the evidence was sufficient to support the jury's answers, whether the testimony of an undesignated witness should have been allowed, whether the Gibsons' attorney improperly argued to

the jury, and whether a new trial should have been granted based upon newly discovered evidence. We find no reversible error and affirm.

Macedonia began building a new church in 1984. In connection with that, it ordered a steeple with a lightning rod and cable. The contractor installed the steeple itself, but was relieved of the job after that. The cable and lightning rod installation were performed by members of the church, who deviated from the instructions in several particulars.

On August 21, 1988, Nora Gibson, a member of the church, left services in the midst of a lightning storm. Lightning hit the lightning rod and traveled down its grounding cables. Gibson was in the vicinity of one of these cables when the lightning struck, and a side flash from the cable injured her.

■ Macedonia is incorporated under the Texas Non-Profit Corporation Act.[1] However, Macedonia claims that, because it is a nonprofit membership corporation, it has the defenses that are afforded to unincorporated associations from suits by members. We disagree. Except as concerns members' rights on termination of their membership and individual members' rights to a share of the corporation's property, *Raulston v. Everett*, 561 S.W.2d 635, 638 (Tex.Civ.App.—Texarkana 1978, no writ), membership corporations are the same as other corporations. A corporation is a separate legal entity, distinct and apart from its members or stockholders, and an individual stockholder or member may maintain any rights of action against the company, of whatever nature, in the same manner as those who are not members. *Henderson v. Railroad Co.*, 17 Tex. 560, 572 (1856); 19 Am.Jur.2d *Corporations* § 2245 (1986). The Gibsons have standing to sue the church, even though they are members of the church. We now consider whether there is sufficient evidence to support the verdict.

In reviewing a no evidence point of error, we consider only the evidence which sup-

ports the jury's verdict. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex. 1988); *International Bank, N.A. v. Morales*, 736 S.W.2d 622, 624 (Tex.1987). When a factual sufficiency challenge is reviewed, all of the evidence is considered, including evidence contrary to the verdict. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). In our review of a jury's finding or its failure to find, we may not merely substitute our judgment for that of the jury. *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex.1988).

■ Macedonia challenges the jury's finding of proximate cause. Proximate cause includes two essential elements, foreseeability and cause in fact, or causal relation. *Texas & Pacific Ry. Co. v. McCleery*, 418 S.W.2d 494, 496 (Tex.1967); *Truco Properties, Inc. v. Charlton*, 749 S.W.2d 893, 895 (Tex.App.—Texarkana 1988, writ denied). For a result to be legally foreseeable, all that is required is that the injury be of such a general character as might be reasonably anticipated and that the injured party should be so situated with relation to the wrongful act that the injury to him or to one similarly situated might reasonably have been foreseen. *Motsenbocker v. Wyatt*, 369 S.W.2d 319, 323 (Tex.1963).

■ The church membership knew that lightning had struck the church's steeple in the past and that it posed a danger to both the church and the people inside. Macedonia took responsibility for the installation of the lightning protection system, deviated from the system's installation plan and failed to follow its architect's recommendations. The system was designed to channel electricity from the top of the steeple to the ground via four ground wires not placed near the walkway. Therefore, since the two ground wires used were placed next to a walkway, it is foreseeable that an individual would be injured while on the walkway when lightning struck the protection system. Experts testified that side flashes occur. The church knew or should have known that, once the lightning protection

1. Tex.Rev.Civ.Stat.Ann. arts. 1396–1.01—1396– 11.01 (Vernon 1980 & Supp.1992).

system was in place, a side flash could occur. There is factually sufficient evidence to support a finding that Macedonia, once it determined to install and make design changes to the system, was negligent and that its negligence caused Gibson's injuries.

■ To be injured by a side flash, Gibson would have to have been within five feet of the ground wire. Two witnesses testified that Gibson was sixteen to twenty feet away from the wire after the injury. However, Gibson testified that she was within five feet of the wire when struck, and her shoes and Bible were found within five feet of the ground wire. An expert indicated that the protection system was unreasonably dangerous and was the most probable cause of Gibson's injury. The same expert testified that he had never known of a side flash occurring on a properly installed lightning protection system. A second expert testified that the Macedonia system was inadequately installed and, because of the inadequate installation, the lightning strike overloaded the cable, causing Gibson's injuries. Although Gibson did not have electrical burns, her physical problems were consistent with an electrically-induced injury. A physician testified that, in all reasonable medical probability, Gibson's injuries were caused by lightning. Factually sufficient evidence supports the jury's finding that the church's negligence in installing the lightning protection system was the proximate cause of Gibson's injuries.

■ The church claims that it is not responsible because Gibson's injuries were the result of an act of God. An accident is the result of an act of God when it is due directly and exclusively to natural causes, without human intervention. *Scott v. Atchison, Topeka and Santa Fe Ry. Co.,* 572 S.W.2d 273, 279 (Tex.1978). Here, the injury was caused by harnessing electric power and channeling it to the ground through the use of an improperly installed lightning protection system, causing a side flash to occur. Gibson's injuries were not caused by an act of God.

■ Shirley Stark, a member of Macedonia's congregation, was not allowed to testify at trial because she was not designated as a person with knowledge of relevant facts. The church, in response to the Gibsons' interrogatory requesting the names and addresses of persons with knowledge of relevant facts, initially answered the interrogatory with the statement, "Entire membership of the church."[2] Later, it supplemented this answer to specifically name certain persons with knowledge of relevant facts, but did not designate Stark. All its other witnesses were designated. Because Macedonia did not designate Stark and list her address, the trial court properly excluded her testimony absent a showing of good cause. If the identity and location of a person with knowledge is not disclosed on proper request, the person may not testify at time of trial. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 297 (Tex.1986); *Braniff, Inc. v. Lentz,* 748 S.W.2d 297, 299 (Tex. App.—Fort Worth 1988, writ denied). The only exception to the exclusion of the unlisted witness is when good cause is shown why the witness was not listed. *Morrow v. H.E.B., Inc.,* 714 S.W.2d at 297; *Yeldell v. Holiday Hills Retirement and Nursing Ctr., Inc.,* 701 S.W.2d 243, 247 (Tex.1985); *Braniff, Inc. v. Lentz,* 748 S.W.2d at 300. The determination of good cause is a decision relegated to the discretion of the trial court. *Morrow v. H.E.B., Inc.,* 714 S.W.2d at 298. The burden of establishing good cause is upon the party offering the evidence, and good cause must be shown in the record. TEX.R.CIV.P. 215(5). Here, the pastor learned of Stark's testimony shortly before trial. Her testimony pertained to Gibson's location at the time of the side flash, although Stark was not present. Two witnesses at trial testified that Gibson was outside the five-foot area. Macedonia did not adequately investigate and failed to show any good cause for not knowing of Stark's potentiality as a witness. The trial court properly excluded her testimony.

**2.** Although the roster of membership was given to the Gibsons seven days before trial, it was not given as a supplement to interrogatories. It was given in response to a request for production.

■ Macedonia also complains that the Gibsons' attorney's jury argument was improper. A party complaining of improper jury argument has the burden to prove: (1) error, (2) that was not invited or provoked, (3) that was preserved by the proper trial predicate, such as an objection, a motion to instruct, or a motion for mistrial, (4) that was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand from the trial court, and (5) that the argument by its nature, degree and extent constituted reversibly harmful error. Further, the record must be closely examined to determine the argument's probable effect on a material finding and reversal must come from an evaluation of the entire case. The complainant must show that, from a consideration of all these factors, the probability that the improper argument caused harm is greater than the probability that the verdict was grounded on the proceedings and the evidence. *Standard Fire Ins. Co. v. Reese,* 584 S.W.2d 835, 839 (Tex.1979); *Gannett Outdoor Co. of Texas v. Kubeczka,* 710 S.W.2d 79, 86 (Tex.App.— Houston [14th Dist.] 1986, no writ); *Group Hosp. Serv., Inc. v. Daniel,* 704 S.W.2d 870, 881 (Tex.App.—Corpus Christi 1985, no writ).

Macedonia lodges eleven appellate complaints about jury argument. Some of the complaints are not preserved, some of them are not valid, while others, though valid, do not require reversal. Our review of the jury argument complaints is facilitated by looking at each one separately.

Macedonia complains about argument that the building contractor was "run off" the project and that the ground rod was not installed in accordance with plans and specifications. The failure to object to this argument waived any complaint about it. *Standard Fire Ins. Co. v. Reese,* 584 S.W.2d at 840. Furthermore, the two arguments are proper because they are based on matters in evidence. TEX.R.CIV.P. 269(e).

■ The next two complaints deal with the following transcribed argument:[3]

> Two other points that is uncontradicted, never denied. Number one, that where they put this lightning cable coming down was up in a corner, between the foundation and by a sidewalk, against the plans and specs and whenever they did that, that created resistance, opposition, flow of the current coming down in milliseconds. Opposition caused it to jump. And the reason a direct light or bolt didn't hit her—they wanted at first to say she was out in the parking lot and now they changed that and they wanted to kind of tell you that somebody is going to say she's out in the parking lot. Now, that was another rabbit trail.
>
> MR. MERRITT: Your Honor. I am going to object to that. Mr. Underwood is getting into a matter that was barred by this court and I don't think that is a proper jury argument.
>
> THE COURT: Sustained.
>
> MR. UNDERWOOD: Remember the rabbit trails and stay focused on what we are here about.

The argument first complained about, which went "into a matter that was barred" by the court, was objected to. The court sustained the objection. The second complaint is about the second reference to "rabbit trails" after the court sustained an objection. As to this, it does not appear that the court sustained an objection to the use of the term "rabbit trails." However, if it did, the subsequent use of the term was not objected to and was thus waived. *Standard Fire Ins. Co. v. Reese,* 584 S.W.2d at 840. Furthermore, this does not appear to be improper argument.

■ Next, Macedonia complains about argument concerning the law firm which represented it. The Gibsons' attorney argued:

> Ladies and gentlemen, now you see why a corporation went and hired Mr. Merritt and Mr. Nobles and the other thirteen lawyers in the firm. Good lawyers.

**3.** Robert Underwood argued as the Gibsons' attorney, and Ed Merritt argued as Macedonia's attorney.

They are going to try another big suit next week.

MR. MERRITT: I'd object, Your Honor. I don't think he knows what my calendar is.

THE COURT: Sustained.

MR. UNDERWOOD: They may try two cases next week.

THE COURT: I sustained the objection, Mr. Underwood.

The court's action in initially sustaining the objection to what the law firm would be doing the following week, and in sua sponte reminding Underwood of his ruling, corrected whatever harm, if any, resulted from the argument.

■ The next complaints concern argument and responses which occurred within a short time. The Gibsons' attorney was discussing Macedonia's attorney's actions. We pick up the argument:

I don't blame him because today is the day. And he wants to compare you all to the Building Committee. Eleven people on the Building Committee didn't have the guts and courage to come up here and testify. The electrician—

MR. MERRITT: Your Honor, I am going to object to that. He had equal access to call. He could call—

THE COURT: Mr. Underwood, just a moment. Sustained.

MR. UNDERWOOD: The electrician who put the rod in the ground for the church, you know, the Master electrician, you know what they had to do. They read his deposition.

MR. MERRITT: Your Honor, I am going to object. Mr. Underwood took that deposition, he could have asked every question he wanted to ask then. Whether or not we could bring the witness or read the deposition, that is irrelevant.

THE COURT: Sustained and let's move away from this argument.

MR. UNDERWOOD: Somebody stomps on my toes, I am going to yell.

MR. MERRITT: I object to Mr. Underwood's side bar remark. He is getting out of hand because he knows he is going down quick.

THE COURT: Sustained. Counsel, both counsel, avoid side bar remarks and ladies and gentlemen, disregard both those remarks. Continue Mr. Underwood.

The arguments complained about here were not proper. The court sustained the general and argumentative objections and properly instructed both attorneys to refrain from side-bar remarks. Side-bar remarks should be rigidly repressed by the court. TEX.R.CIV.P. 269(f). Although the above argument is not model argument—nor are the objections to it model—the court in no manner erred in any of its rulings or actions on the argument.

■ Another complaint concerns the following transcribed proceedings:

I want you to do the right thing and to remember that the true corporation being sued can abide with a $450,000 verdict. And I wouldn't tell you that if it is not true. You can put—

MR. MERRITT: I object again, Your Honor. That is improper jury argument. And I would ask that the jury be—

THE COURT: Sustained. Ladies and gentlemen, disregard counsel's remark.

Again, the trial court sustained the general objection and instructed the jury to disregard the argument. To the extent that objectional matters were conveyed to the jury, Macedonia has not shown that the argument was not cured by the court's instruction to the jury to disregard.

■ The remaining complaint concerns the Gibsons' attorney's reference to an electrical engineer. This argument proceeded as follows:

He could not look you in the eye and tell you—very last question asked—could not look you in the eye an (sic) tell you that absolutely she was not hit by a side flash. He hadn't even looked at the grounding system on the other side of the church, the way it was installed. Yet, he would come to you with complaints and criticisms of the man that put out the pamphlet that he relies on in the report. It's what we call a hired gun.

Any complaint about this argument has been waived by the lack of any trial objection. *Standard Fire Ins. Co. v. Reese,* 584 S.W.2d at 840.

Macedonia has not attempted to separately argue its complaints about the jury argument. Rather, it argues that the magnitude of the improper argument was reasonably calculated to cause such prejudice to the church that reversal is required. As we have indicated, some of the argument complained about on appeal was not objected to. Other argument was proper based on the evidence. Considering all of the factors set forth in the *Standard Fire Ins. Co. v. Reese* opinion, we conclude that Macedonia has not shown the probability that the improper argument caused harm is greater than the probability that the verdict was grounded on the evidence as required. *Standard Fire Ins. Co. v. Reese,* 584 S.W.2d at 839. Thus, we overrule the complaints about improper jury argument.

■ Macedonia requested a new trial based on newly discovered evidence. It is incumbent upon a party who seeks a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is not cumulative; and (4) that it is so material that it would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983). Whether a motion for new trial on the ground of newly discovered evidence will be granted is generally a matter addressed to the sound discretion of the trial court, and the trial court's action will not be disturbed on appeal absent an abuse of such discretion. *Id.* The inquiry is not whether, upon the evidence in the record, it apparently might have been proper to grant the application in the particular case, but whether the refusal of it has involved the violation of the clear legal right for a manifest abuse of judicial discretion. *Wheeler v. Wheeler,*

713 S.W.2d 148, 150 (Tex.App.—Texarkana 1986, writ dism'd). Every reasonable presumption will be made upon review in favor of orders of the trial court refusing new trials. *Id.* The two witnesses, whose testimony was claimed by Macedonia to be newly discovered evidence, placed Gibson more than five feet from the ground wire. There was already testimony at trial to this effect. The jury decided to disregard that evidence and believe the evidence that placed Gibson within the five-foot area. Macedonia fails to show that the trial court abused its discretion in failing to grant a new trial, and there is no error in denying the motion for new trial.

The judgment of the trial court is affirmed.

GRANT, Justice, concurring.

Lightning is ordinarily considered an act of God or nature. (See definition of *act of God,* BLACK'S LAW DICTIONARY 33 (6th ed. 1990)). It is, however, an act of God only when it is uncontrolled and uninfluenced by human intervention. If the plaintiff had been struck by lightning uncontrolled and uninfluenced by human intervention while walking down the sidewalk, this would be considered an act of God for which the defendant would not be liable.[4] The defendant, however, subjected the plaintiff to a side flash from lightning that had been diverted from over the area of the church building and channeled down the wire from the lightning rod to the ground by the sidewalk. This side flash was brought about by human intervention in the form of improper installation of the lightning protection system. There was evidence that if the system had been properly installed, there would not have been a side flash to injure Gibson. In their effort to protect the church and those inside, the church subjected people walking down the sidewalk to the danger of a side flash. Thus,

---

4. In the recent case of *Hames v. State,* 808 S.W.2d 41 (Tenn.1991), the Supreme Court of Tennessee held that the risk of lightning was too remote to impose legal liability for failure to

provide protection against lightning. *See also Davis v. Country Club, Inc.,* 381 S.W.2d 308 (Tenn.Ct.App.1963).

the jury's finding of proximate cause must be upheld.