**Jacqueline PALMER**

v.

**WAL–MART STORES, INC., Sam's Club, Inc. and Jon Ainsworth.**

**No. CIV. A. G–99–523.**

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 22, 1999.

Gregory W. Allen, Bieganowski & Allen, Houston, TX, for Jacqueline Palmer, plaintiff.

Alan N. Magenheim, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, Houston, TX, for Wal–Mart Stores, Inc., Sam's Club, Inc, Jon Ainsworth, defendants.

### ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS

KENT, District Judge.

On June 10, 1999, Plaintiff filed this slip and fall premises liability negligence action in the 149th Judicial District Court of Brazoria County, Texas. Defendants timely removed the case to this Court on August 20, 1999. Now before the Court is Plaintiff's Motion to Remand, Defendants' Response to Plaintiff's Motion to Remand, and Defendants' Motion to Dismiss Jon Ainsworth. For the reasons set forth be-

low, Plaintiff's Motion to Remand is **DENIED**, and Defendant's Motion to Dismiss Jon Ainsworth is **GRANTED**.

Plaintiff alleges that on March 13, 1998 she sustained severe personal injuries when she slipped and fell in a puddle of water while walking in Defendants' Sam's Club Store in Texas City. She subsequently sued Sam's Club, Wal–Mart, and Jon Ainsworth, the store manager for the Texas City Sam's Club. Plaintiff alleges she suffered $750,000 in damages as a result of a fractured left hip and injuries to her left leg, back and chest.

Defendant removed the case based on diversity jurisdiction. *See* 28 U.S.C. § 1332; § 1441(a). One of the requirements for diversity jurisdiction is clearly met because the parties agree that the amount in controversy exceeds $75,000. The parties also agree that Defendants Wal–Mart Stores, Inc. and Sam's Club, Inc. are foreign corporations having Arkansas as their principal place of business. Moreover, it is undisputed that both the Plaintiff and the store manager, Jon Ainsworth, are residents of Texas.

Whether Jon Ainsworth has properly been joined as a defendant is the key to resolving the motions before the Court. Defendants contend that Mr. Ainsworth was fraudulently joined and should be dismissed. If Mr. Ainsworth is dismissed as a party to this suit, then removal is clearly warranted because there is complete diversity of citizenship between Plaintiff and the remaining Defendants. Plaintiff, on the other hand, contends that Mr. Ainsworth is a proper defendant in this action. If Plaintiff is correct, removal would be improper for two reasons: there would not be complete diversity between the Plaintiff and the Defendants as required by 28 U.S.C. § 1332, and one Defendant would be a resident of the state in which the removal court sits, contrary to the provisions of 28 U.S.C. § 1441(b).

The Court begins by noting that "the burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. Unit A Dec.1981). In order to prove that a non-diverse defendant was fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show either that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts or that there is no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir.1996); *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995). "If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law."; *Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir. 1995).

Since the parties agree that the Plaintiff and Jon Ainsworth are both residents of Texas, Defendants are not alleging any fraud in Plaintiff's pleading of jurisdictional facts. Hence for Defendants to defeat Plaintiff's Motion for Remand, Defendants must establish that Plaintiff has no possibility of recovering against Jon Ainsworth under Texas law.

In assessing a "no possibility of recovery" fraudulent joinder claim, the Court must evaluate all of the contested factual allegations in the light most favorable to the plaintiff. In addition, the Court must resolve any uncertainties concerning the current status of controlling state substantive law in favor of the plaintiff. *See Sid Richardson,* 99 F.3d at 751; *Burden,* 60 F.3d at 216. "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990); *see also Burden,* 60 F.3d at 216.

Although Defendants' burden is a heavy one, the court finds that Defendants here have carried it. To prove that Plaintiff cannot possibly recover against Mr. Ainsworth, Defendants point to *Leitch v. Hornsby,* 935 S.W.2d 114 (Tex.1996). The Texas Supreme Court there held that corporate employees have no independent duty to furnish a safe workplace, and therefore corporate employees cannot be held personally liable for the corporation's failure to provide a safe place to work. *See id.* at 120. Of particular significance for present purposes, the *Leitch* court explained that "individual liability arises *only* when the officer or agent owes an *independent* duty of reasonable care to the injured party apart from the employer's duty." *Id.* at 117 (emphasis added). Except for alter ego situations, "corporate officers and agents are subject to personal liability for their action within the employment context only when they breach an independent duty of care." *Id.*

Oblivious to the unambiguous language of this recent Texas Supreme Court case, Plaintiff asserts claims against Mr. Ainsworth, a managerial employee of the corporate owner of the premises. There are no allegations that Mr. Ainsworth owed Plaintiff any *independent* duty of reasonable care, apart from that which his employer owed any store patron. There are no allegations that Mr. Ainsworth committed any intentional torts or the like against Plaintiff. On the contrary, Plaintiff merely claims that Mr. Ainsworth was "negligent in allowing the defect to exist on the premises in Defendants' store." Hence Plaintiff simply alleges that Mr. Ainsworth is liable for some action plainly committed within the course and scope of his employment as a Sam's Club manager. In light of the controlling *Leitch* precedent, the joinder of Mr. Ainsworth for purposes of defeating diversity jurisdiction borders on being sanctionable.

Accordingly, Defendant Ainsworth is hereby **DISMISSED** as a party to this action, **WITH PREJUDICE**. Plaintiff's Motion to Remand is **DENIED**. This action, now consisting of Plaintiff Jacqueline Palmer and Defendants Wal–Mart Stores, Inc. and Sam's Club, Inc. will most emphatically remain in this Court. The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, and in due course the Court will enter a final judgement on the dismissed claim.

**IT IS SO ORDERED.**