Jose Luis GUZMAN, et al., Plaintiffs,

v.

Jason CORDERO, et al., Defendants.

No. EP–06–CV–00392.

United States District Court,
W.D. Texas,
El Paso Division.

March 19, 2007.

Jason P. Hoelscher, Roger Sherman Braugh, Jr., Sico, White & Braugh, LLP, Corpus Christi, TX, for Plaintiffs.

Jeffrey T. Lucky, Hicks & Lucky, El Paso, TX, for Plaintiffs/Defendants.

Richard H. Grafton, Brown, McCarroll, L.L.P., Austin, TX, for Defendants.

Thomas M. Buillion, III, Brown McCarroll, L.L.P., Austin, TX, for Plaintiffs/Defendants.

### ORDER

CARDONE, District Judge.

On this day, the court considered Plaintiffs' Motion to Remand ("Motion"). For the reasons set forth below, the Motion is **GRANTED.**

## I. BACKGROUND

The instant cause arises from a vehicle roll-over accident that occurred when the driver lost control of the automobile containing Plaintiffs, after the front left tire tread separated. Pls.' Mot. to Remand 5. On May 18, 2006, Plaintiff Aaron Gonzalez ("Gonzalez") purchased a 15 Point Service vehicle inspection from Defendant Wal–Mart located at 4530 Woodrow Bean Transmountain Drive in El Paso. *Id.* Defendant Jason Cordero ("Cordero") was the Wal–Mart "Courtesy Technician" who performed the vehicle inspection which included a tread depth check of the tires. *Id.* Upon completion of the inspection, Gonzalez was advised that the vehicle's tires were in a safe and serviceable condition. *Id.* On the following day, May 19, 2006, the front left tire of this vehicle suffered a tread separation and the vehicle rolled over causing Plaintiffs riding in the vehicle to suffer severe injuries. *Id.*

## II. DISCUSSION

### A. Standard

A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court. 28 U.S.C. § 1441(a) (2006). The district court is required to remand a case to state court *if,*

at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988); *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986). Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921–22 (5th Cir.1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,* 99 F.3d 746, 751 (5th Cir. 1996).

 A motion to remand may be resolved in one of two ways. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004). First, and most common, the court may analyze a motion to remand under a standard similar to that used to review motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.; see Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir.2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6).") That is, the motion is analyzed with reference to well-pleaded allegations in the complaint to determine whether or not the plaintiff has stated a claim, and read leniently in favor of remand. *Smallwood,* 385 F.3d at 573; *Boone,* 416 F.3d at 388. Alternatively, in those few cases where the plaintiff has stated a claim but misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, conduct a summary inquiry. *Smallwood,* 385 F.3d at 573. In such cases, the district court may also allow limited remand-related discovery. *Id.; Boone,* 416 F.3d at 388.

**B. Improper Joinder**

Plaintiffs argue that this Court does not have jurisdiction to hear this case because Cordero, a resident of Texas, is a properly joined defendant and his Texas citizenship, the same as Plaintiffs', defeats this Court's diversity jurisdiction. Pls.' Mot. to Remand 5. Accordingly, Plaintiffs argue that Wal–Mart has failed to show there is no reasonable possibility that Plaintiffs could recover in state court against Cordero and, therefore, the case should be remanded to state court. *Id.* at 11–12. Plaintiffs explain that at this stage of the proceedings they need only show that they have a colorable claim against Cordero and not whether they will ultimately prevail on that claim. *Id.* at 8.

Wal–Mart responds that Cordero, as an employee of Wal–Mart, owed no independent duty of care to Plaintiffs separate from the duties owed by his employer. Defs.' Resp. 6. Thus, Wal–Mart argues that Plaintiffs cannot state a claim against Cordero individually and that he, therefore, is improperly joined. *Id.* Wal–Mart cites the case of *Leitch v. Hornsby,* 935 S.W.2d 114 (Tex.1986), for the proposition that a plaintiff cannot sue a corporate employee unless the corporate employee owes an individual and independent duty of care to the plaintiff. *Id.* at 6–7. Wal–Mart also cites the cases of *Story v. Home Depot, Inc.,* 2005 WL 2148649 (N.D.Tex. Sept. 2, 2005) (unpublished), *Allen v. Home Depot, Inc.,* 2004 WL 2270001 (W.D.Tex. Oct. 6, 2004) (unpublished), and *Palmer v. Wal–Mart Stores, Inc,* 65 F.Supp.2d 564 (S.D.Tex.1999), to support its contention that Cordero had no independent duty to Plaintiffs and was improperly joined. *Id.* at 9–10. Wal–Mart states that without the improperly joined Cordero, this Court has diversity jurisdiction to hear this cause. *Id.* at 12.

To establish improper joinder, formerly known as fraudulent joinder, the burden is on the removing party to prove either: (1) actual fraud in the pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff could establish a cause of action against the in-state defendant in state court. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 389 (5th Cir. 2005); *Hart v. Bayer Corp.*, 199 F.3d 239, 246–47 (5th Cir.2000); *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997); *see also Smallwood*, 385 F.3d at 571 n. 1 (noting change in name from "fraudulent joinder" to "improper joinder"); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981) (noting that the burden of proving fraudulent joinder is on the removing party). Under the second method of proving improper joinder, the defendant must demonstrate that there is no reasonable basis for a district court to predict that the plaintiff might recover. *Smallwood*, 385 F.3d at 573 ("A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder.") "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc.*, 663 F.2d at 549. The task of the court is not to determine whether the plaintiff will actually or probably prevail on the merits of the claim. *Rodriguez*, 120 F.3d at 591. Rather, the court looks only for a possibility that the plaintiff may prevail. *Id.*

In the instant case, the issue of improper joinder rests upon whether or not Plaintiffs can establish a claim against Cordero. The Court finds that such a possibility exists. Wal–Mart's reliance on *Leitch v. Hornsby* is to no avail under the facts here. In *Leitch*, an employee, Hornsby, sued his employer, Pro Com, as well as two corporate officers, for negligence when he was injured on the job. *Leitch*, 935 S.W.2d at 116. The Supreme Court of Texas held that the corporate officers and directors could not be found to be liable because "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.* at 117 (citations omitted). The court found that while Pro Com, as the employer, owed Hornsby a duty to furnish him with a safe workplace, the individual corporate employees owed him no such duty. *Id.* at 118.

Though Wal–Mart argues that the holding in *Leitch* necessarily cuts off any possibility of recovery against Cordero, this Court does not agree. First, *Leitch* does not say that a corporate employee can never be held liable for negligence that occurs in the course of business for an employer. Rather, *Leitch* recognizes that an employee can be liable if the employee breaches a duty of care which he owes independent from the employer's duty of care. In this case, it is quite possible that Cordero owed an independent duty of care to Plaintiffs. Unlike the individual defendants in *Leitch*, Cordero was directly and personally involved in conduct that allegedly caused Plaintiff's injuries because Cordero actually performed the services in question. And, it is well-settled in Texas that an individual undertaking to provide services to another, either gratuitously or for compensation, owes a duty of reasonable care. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837–38 (Tex.2000). While the corporate officers in *Leitch* owed no duty to furnish a safe workplace to their employees independent from the duty owed by the corporate employer, this Court cannot say with certainty the same is true regarding an employee who was directly engaged in providing a service to a customer. Thus, the Court cannot find that Plaintiffs have no reasonable possibility of recovery against Cordero.

In addition, Wal–Mart relies upon the cases of *Story v. Home Depot, Inc.*, 2005

WL 2148649, *Allen v. Home Depot USA,* 2004 WL 2270001, and *Palmer v. Wal-Mart Stores Inc.,* 65 F.Supp.2d 564 (S.D.Tex.1999). These cases all involve the question of liability of employee store managers for providing safe working environments and for safety conditions in their stores. These courts all found that the store managers could not be held liable. Cordero, the individual defendant in the present case, unlike the individual defendants in *Story, Allen,* and *Palmer,* was not a store manager with only indirect involvement in the alleged negligence. Rather, Cordero personally inspected and worked on the vehicle in question and it was these services that constituted the alleged negligence. Even though the defendant store manager in *Story* was also directly involved in the in-store activities that led to the accident involving a store employee, the procedural posture of that case was quite different from the case at hand. In *Story,* the court was deciding a motion for summary judgment, while this Court is deciding a Motion to Remand with its more stringent standard.

Finally, the Court takes particular notice of the recent case of *Guevara v. Wal-Mart Stores, Inc.,* 2007 WL 397490, at *1 (S.D.Tex. Feb.1, 2007) (unpublished). In *Guevara,* the plaintiff sued Wal-Mart and its store manager for negligence when a ladder fell on her while shopping in a Wal-Mart in Corpus Christi, Texas. *Guevara v. Wal-Mart Stores, Inc.,* 2007 WL 397490, at *1. Wal-Mart removed the case to the United States District Court for the Southern District of Texas alleging that there was complete diversity of citizenship because the store manager was improperly joined. *Id.* Relying on the Fifth Circuit's decision in *Valdes v. Wal-Mart,* 158 F.3d 584, 1998 WL 648571 at *13–14 (5th Cir. 1998) (unpublished), the Texas Court of Appeals decision in *Wal-Mart Stores, Inc. v. Deggs,* 971 S.W.2d 72, 75 (Tex.App.1996) *rev'd on other grounds* 968 S.W.2d 354

(Tex.1998), and the *Palmer* decision mentioned above, the *Guevara* court held that the store manager was not improperly joined because there was ambiguity in Texas law as to whether there existed a reasonable possibility of recovery against the store manager. *Id.* at *4.

Although the case before this Court does not involve a Wal-Mart store manager, rather a Wal-Mart courtesy technician, the same ambiguity of Texas law is presented here. In this case, Wal-Mart's reliance on *Allen, Story,* and *Palmer* is of questionable value when read in light of *Guevara, Valdes,* and *Deggs.* In addition, as the court in *Guevara* noted, though *Leitch* and other Texas cases "cast significant doubt on the ability of plaintiffs to recover against store managers and *other corporate employees* for torts committed in the course and scope of their employment[,]" in a motion to remand, any ambiguity in the law must be resolved in favor of the plaintiff. *Id.* at *3 (citing *Valdes,* 158 F.3d 584 (emphasis added)).

The Court cannot say that Plaintiffs have no reasonable expectation of recovery against Cordero and holds that Cordero was not improperly joined in the suit. The case must be remanded to state court.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motion (Doc. No. 17) is **GRANTED** and the case is hereby **REMANDED** pursuant to 28 U.S.C. § 1447(c) to County Court at Law Number 6 in El Paso, Texas. Defendants' Motion for Leave to File Pleadings (Doc. No. 40) is **DENIED** as moot.

The Clerk shall close the case.

**SO ORDERED.**